UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID G. RICE, | No. 2:15-cv-00271-SAB |
| Petitioner, | |
| vs. | **ORDER ADOPTING REPORT** |
| PATE GLEBE, | **AND RECOMMENDATION** |
| Respondent. | **AND DISMISSING HABEAS** |
| | **PETITION AS TIME-BARRED** |

BEFORE THE COURT is Magistrate Judge Rodgers' Report and Recommendation to dismiss Mr. Rice's habeas petition as time-barred under 28 U.S.C. § 2244(d), ECF No. 10. Petitioner, a non-capital prisoner at the Stafford Creek Corrections Center, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served.

On January 26, 2016, Petitioner filed Objections to the Report and Recommendation and also sought a Certificate of Appealability, ECF No. 11. Petitioner again asserts that because his Personal Restraint Petition ("PRP") was deemed timely under state law and considered on the merits, his federal habeas petition should also be considered timely.

The Court has reviewed the file and is fully informed. For the reasons set forth below and in the Report and Recommendation by Magistrate Judge Rodgers, **IT IS ORDERED** that the Report and Recommendation, ECF No. 10, is **ADOPTED in its entirety** and the habeas action is **DISMISSED with prejudice**

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION AS TIME-BARRED ~ 1

**as time-barred** under 28 U.S.C. § 2244(d).

**A.    *Finality***

Petitioner does not dispute that he sought no further appellate review after the Washington State Court of Appeals, Division III, affirmed his conviction and sentence on December 13, 2012. *See* Washington State Court of Appeals cause number 30393-4-III.[1] Under Washington law, Petitioner had 30 days to file a petition for review of the appellate court decision, *see* RAP 13.4(a), Washington Rules of Appellate Procedure, which he did not do. Therefore, when Petitioner's time to file an appeal to the Washington Supreme Court lapsed on January 13, 2013, it was on that date that his "time for seeking such review" expired. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner could not have sought *certiorari* of the Court of Appeal's decision. *See* Sup.Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the judgment). Because Petitioner did not pursue his direct appeal to the Washington State Supreme Court, the finality of his direct appeal would not include an additional ninety (90) days. *See Porter v. Ollison*, 620 F.3d 952, 958–59 (9th Cir. 2010) (stating that "[w]hen, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.").

Therefore, Petitioner's time for seeking direct appellate review concluded thirty days after the state appellate court decision. The one-year statute of

---

[1] *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION AS TIME-BARRED ~ 2**

limitations began running the following day—January 14, 2013. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed.R.Civ.P. 6(a)). Petitioner did not file his petition for state collateral review ("PRP") until January 27, 2014. One of the difficult realities of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is that the filing of a PRP may be timely for purposes of review in state court, and still not toll the running of the federal limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Because the federal limitations period had already expired on January 14, 2014, the state PRP could not toll it under 28 U.S.C. § 2244(d)(2). It is immaterial to federal habeas proceedings when state court mandates are issued. *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). The petition dated September 28, 2015, and received on October 2, 2015, ECF No. 1, is untimely under 28 U.S.C. § 2244(d).

**B.    *Equitable Tolling***

Petitioner asserts that he is entitled to equitable tolling because he has been "reasonably diligent" and Respondent has not been unduly prejudiced. He believes that he has demonstrated "extraordinary circumstance" warranting equitable tolling under *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). Unlike the Petitioner in *Spitsyn*, however, Petitioner had access to his documents prior to the expiration of the federal limitations period. Petitioner presents no facts showing the alleged unavailability of legal documents for a six month period prevented him from filing his federal habeas petition by January 13, 2014.

Equitable tolling in habeas actions is warranted only when the petitioner demonstrates the requisite due diligence and extraordinary circumstances which prevented him from timely filing the habeas action. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Once again, Plaintiff's mistaken beliefs regarding the applicable

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION AS TIME-BARRED ~ 3**

federal limitations period do not constitute extraordinary circumstances which warrant equitable tolling. *See Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner re-asserts his arguments to delay the running of the federal limitations period under 28 U.S.C. § 2244(d)(1).  Magistrate Judge Rodgers has already addressed them and found them inadequate.

Accordingly, **IT IS HEREBY ORDERED**:

1. There being no basis to delay the running of the limitations period, or to statutorily or equitably toll it, the Petition, ECF No. 7, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

2. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file.

**DATED** this 29th day of February, 2016.



Stanley A. Bastian
United States District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION AS TIME-BARRED ~ 4**